## SYLVESTER BREWER *versus* The Inhabitants of TYRINGHAM.

The service as a juror, which by *St.* 1824, *c.* 119, renders one ineligible to serve again within three years, is a service as a juror in some court ; a service on a sheriff's jury does not render the juror thus ineligible.

ASSUMPSIT. It was objected to the verdict in this case, that one of the jurors had served within three years before his return on the venire to serve at the court at which this case was tried, and it was contended that by force of the *St.* 1824, *c.* 119, such juror was not *eligible.* It appeared in point of fact, that the juror had served on a sheriff's jury, under the act respecting highways, but had not been returned

on a *venire facias*, to serve as a grand or traverse juror, at any court.

It was insisted, by way of answer, that if the objection would have been originally well founded, (which was denied,) it was waived, and the counsel relied on *Amherst* v. *Hadley*, 1 Pick. 38.

But the *Court* were of opinion, upon the construction of the statute, that the service therein contemplated, was a service as a grand juror or traverse juror, in some court, and that a service on a sheriff's jury did not render the juror ineligible. [See Revised Stat. *c.* 95, § 12.]

*Dwight*, *Briggs* and *Porter*, in support of the objection to the verdict, cited *Rex* v. *Tremaine*, 7 Dowl. & Ryl. 684.

*C. A Dewey* on the other side.